Argued and submitted February 14, affirmed November 4, 1992

In the Matter of the Compensation of
Jimmie L. Leigh, Claimant.

## PETER KIEWIT & SONS
and Aetna Casualty & Surety Company,
*Petitioners,*

*v.*

Jimmie L. LEIGH,
*Respondent.*

(WCB 90-08059; CA A70266)

840 P2d 1360

Darren L. Otto, Portland, argued the cause for petitioners. On the brief were Allen W. Lyons and Scheminske & Lyons, Portland.

Donald M. Hooton, Eugene, argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson & Jensen, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an order of the Workers' Compensation Board that awarded claimant 35 percent permanent partial disability. We affirm.

In 1987, claimant developed pulmonary problems after exposure to fumes while working as a welder for employer. Employer agrees that claimant is entitled to permanent partial disability benefits. The central issue is whether the Board erred in evaluating the extent of his disability.

■ A preliminary question is whether the Board erred by admitting a written vocational report offered by claimant. Employer argues that claimant did not give timely disclosure of an expert witness under OAR 438-07-016. The Board concluded that claimant offered only the report and that the rule only applies when a party calls an expert as a witness. We agree with that analysis.

■ Employer argues, alternatively, that the report is not admissible under ORS 656.287(1), because claimant did not receive it 10 days before the hearing. That statute provides:

> "Where there is an issue regarding loss of earning capacity, reports from vocational consultants [regarding pertinent information] shall be admitted into evidence at compensation hearings, provided such information is submitted to claimant 10 days prior to hearing and that upon demand from the adverse party the person preparing such report shall be made available for testimony and cross-examination."

Claimant received the report less than 10 days before the hearing and disclosed it to employer after receiving it. The Board held, and we agree, that ORS 656.287(1) provides for admission of a report but does not mandate exclusion of reports received by a party less than 10 days before the hearing.

■ Employer's last argument about the report is that there was no foundation regarding the author's qualifications. The Board found that there was sufficient evidence. The report, signed by its author, identified him as a certified vocational consultant. Employer presented no contrary evidence and did not request that the author be made available

for cross-examination. We conclude that there was sufficient evidence of the expert's qualifications and that the Board did not abuse its discretion by admitting the vocational report.

■ The Board awarded claimant 35 percent permanent partial disability. Permanent disability is evaluated by applying the "standards" adopted by the Director pursuant to ORS 656.726(3)(f). In order for the Board to award unscheduled disability contrary to the standards, there must be clear and convincing evidence that the disability suffered was more or less than that prescribed by the standards. ORS 656.283(7).[1] Under the standards, claimant's pulmonary disability is rated at 21 percent. However, the Board found that, although he is capable of doing the same category of work as he did before the injurious exposure, he is unable to work in any environment where he would risk exposure to airborne pollutants. The Board concluded that that restriction limited claimant's employment options beyond that comprehended by the standards.

■ Employer argues that there is not clear and convincing evidence that claimant's impairment is greater than 21 percent. It argues that the vocational report should have been excluded and that the medical evidence is not free from confusion about claimant's impairment. Unscheduled permanent partial disability is based on loss of earning capacity, ORS 656.214(5), not on impairment. There was clear and convincing evidence to support the Board's finding that claimant's loss of earning capacity was more than that proscribed in the standards.

Affirmed.

---

[1] ORS 656.283(7) has since been amended. Or Laws 1990, ch 2, § 20. Now the required quantum of proof is a preponderance of the evidence. The parties agree that the earlier version applies.